IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-00154-F

ROSE M. ROUNDTREE,                      )
        Plaintiff,                 )
                                        )
v.                                      )     **ORDER**
                                        )
NANCY A. BERRYHILL,[1]                  )
Acting Commissioner of Social Security, )
        Defendant.                 )

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-20] of United States Magistrate Judge Robert B. Jones, Jr.; and
> (2) the parties' cross Motions for Judgment on the Pleadings [DE-15, -17].

The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this court ADOPTS the findings and recommendations of the Magistrate Judge, Plaintiff's Motion for Judgment on the Pleadings [DE-15] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-17] is ALLOWED, and the Commissioner's final decision is AFFIRMED.

## I. DISCUSSION

**A. The Magistrate Judge's M&R**

**1. Legal Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security, has been added as a party. Carolyn W. Colvin's term expired on January 20, 2017, and she has been terminated as a party.

court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On December 6, 2016, the Magistrate Judge issued a M&R, in which he recommended that Plaintiff's Motion for Judgment on the Pleadings [DE-15] be denied, Defendant's Motion for Judgment on the Pleadings [DE-17] be allowed, and the Commissioner's final decision be affirmed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. Plaintiff filed Objections [DE-21] to the M&R, to which Defendant filed a Response [DE-22].

### 2. Plaintiff's Objections to the M&R

Plaintiff argues that the Magistrate Judge erred in finding that her case is distinguishable from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), because in Plaintiff's case, the Administrative Law Judge ("ALJ") did not just limit her to simple, routine, repetitive tasks, "but added additional limitations to account for [Plaintiff's] difficulties in maintaining attention and concentration, and [she] has not demonstrated how these additional restrictions are inadequate." Pl.'s Objections [DE-21] at 2 (quoting M&R [DE-20] at 7).

In *Mascio*, the Fourth Circuit Court of Appeals determined that remand was warranted for

2

three distinct reasons, only one which is relevant here. 780 F.3d at 632. In particular, the Fourth Circuit concluded that the hypothetical posed by the ALJ to the vocational expert ("VE"), and the corresponding residual functional capacity ("RFC") assessment, failed to include any mental limitations other than "unskilled work," yet at step three of the sequential evaluation, the ALJ found that the claimant had "moderate difficulties in maintaining her concentration, persistence, or pace as a side effect of her pain medication." *Id.* at 637-38. The Fourth Circuit held that it "agree[d] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (internal quotations marks omitted).

In this case, the ALJ found that Plaintiff "had shown a decreased ability in attention and concentration but not to the extent that a marked finding is appropriate and she can still perform simple, repetitive, routine tasks." (Tr. 39). In the ALJ's RFC assessment and corresponding hypothetical to the VE, the ALJ limited Plaintiff to "simple routine repetitive tasks with no fast pace, only brief and superficial contact with others," and "no more than concrete judgment should be required of her." (Tr. 40, 71-72).

The Magistrate Judge found that "in assessing [Plaintiff's] ability to maintain 'concentration, persistence, or pace' the ALJ found [she] had demonstrated a decreased ability in attention and concentration." M&R [DE-20] at 6 (citing Tr. 6). The Magistrate Judge considered the ALJ's RFC assessment and found that the "limitations on task complexity, interaction with others, and the pace of work, are sufficient to address [Plaintiff's] moderate limitation in maintaining attention and concentration." *Id.* Now, Plaintiff argues that the

3

Magistrate Judge erred by finding that these additional limitations were sufficient to address her moderate difficulties in maintaining concentration, persistence, or pace. Pl.'s Objections [DE-21] at 2-4.

### a. Plaintiff argues that the limitation to "superficial contact with others" is insufficient.

Initially, Plaintiff argues that the limitation to "superficial contact with others" is insufficient because it relates solely to the domain of social functioning, which includes a claimant's "capacity to interact independently, appropriately, effectively, and on sustained basis with other individuals." *Id.* at 2 (quoting 20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.00(C)(2)).

The evidence of record and the ALJ's decision belie Plaintiff's argument. For instance, when evaluating Plaintiff's social functioning, the ALJ found that she had only "mild difficulties." (Tr. 39). Moreover, the ALJ's decision reveals that he considered Plaintiff's allegations, such as the claim that she suffered a nervous breakdown in 2010, and as a result, she experienced racing thoughts, depression, crying, and could not concentrate. (Tr. 40, 58-59). The ALJ concluded that Plaintiff's allegations were not fully supported by the evidence, including her treatment history, clinical findings on examination, and evidence of improvement with treatment. (Tr. 41-43). The ALJ explained that he gave "great weight" to the opinion of Daniel Nelson, Psy.D., the State agency psychological consultant. (Tr. 43). Dr. Nelson opined that Plaintiff was capable of sustaining attention and concentration to perform simple repetitive tasks, her ability to maintain attention and concentration for extended periods was "not significantly limited," and she was able to tolerate the stress and pressure of day-to-day work activity with limited demands for production. (Tr. 139-40). Dr. Nelson ultimately found that Plaintiff could perform simple, routine, repetitive tasks "in a low stress setting." (Tr. 140). In light of the evidence of record and

4

Dr. Nelson's opinion, which was afforded "great weight," it is reasonable to conclude that the ALJ included the limitation to "brief and superficial contact with others" as a work-related restriction that would reduce the overall stress of the work setting and not solely for the purpose of addressing Plaintiff's difficulties with social interaction.

**b. Plaintiff argues that the limitation to "no more than concrete judgment" is vague and not adequately defined.**

Next, Plaintiff argues that the limitation to "no more than concrete judgment" is vague and not adequately defined by the ALJ. Pl.'s Objections [DE-21] at 3. According to Plaintiff, it is unclear how this limitation translates into a workplace limitation. *Id.*

"Use of judgment" is one of the abilities and aptitudes necessary for most jobs. *See* 20 C.F.R. §§ 404.1521(b), 416.921(b); *Sutton v. Colvin*, No. 4:15CV129, 2016 WL 7426591, at *9 (E.D. Va. Nov. 29, 2016). Different levels of judgment are necessary for varying levels of work. For example, unskilled work requires "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a); *McClanahan v. Colvin*, No. TMD 16-44, 2016 WL 6822478, at *3 n.2 (D. Md. Nov. 18, 2016). On the other hand, skilled work requires the use of judgment in "dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c); *Campbell v. Colvin*, No. 2:11cv563, 2013 WL 1213062, at *2 n.4 (E.D. Va. Mar. 1, 2013). "Judgment" is defined as "[t]he mental faculty that causes one to do or say certain things at certain times, such as exercising one's own discretion or advising others; the mental faculty of decision-making." Black's Law Dictionary (10th ed. 2014). The term "concrete" is defined as being "of a particular or exact sort." Merriam-Webster Dictionary, https://www.merriam-webster.com/thesaurus/concrete (last visited Jan. 25, 2017). An antonym

5

of concrete is "nonspecific." *Id.*

In light of the meaning of the terms "concrete" and "judgment," the ALJ's finding that Plaintiff was limited to "no more than concrete judgment" makes sense and refers to a limitation on the nature and complexity of the decision-making required. This limitation also permits an accommodation for deficits in attention and concentration that would impact Plaintiff's ability to engage in abstract decision-making.

Plaintiff asks rhetorically whether the ALJ intended the term "concrete judgment" to be a reference to the General Education Development ("GED") classification scheme found in the *Dictionary of Occupational Titles* ("DOT").[2] Pl.'s Objections [DE-21] at 3. The only authority giving particular significance to the DOT's GED classifications in Social Security disability adjudication is the statement that the Social Security Administration will "take administrative notice" of the DOT. *See* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983). Thus, the answer to Plaintiff's question is no.

Plaintiff relies on *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016) (unpublished), to support her claim that there was a conflict between the ALJ's RFC finding and DOT Reasoning Code 2. Pl.'s Objections [DE-21] at 3-4. Plaintiff's reliance is misplaced. In *Henderson*, the Fourth Circuit Court of Appeals concluded that there was an apparent conflict

---

[2] Occupations are classified in the DOT based upon GED in mathematics, literacy, and reading. DOT App. C, Section III, 1991 WL 688702; *Harper v. Colvin*, No. 3:14CV49 TSL-JCG, 2015 WL 898235, at *6 (S.D. Miss. Mar. 3, 2015).

6

between an RFC limitation to "one-to-two step instructions" and GED Reasoning Code 2.[3] 643 F. App'x at 276-77. The cases are distinguishable. Here, the ALJ did not limit Plaintiff to one-to-two step instructions. (Tr. 40). Moreover, there is otherwise no such apparent conflict in this case.

### c. Plaintiff argues that the limitation to "no fast pace" fails to account for moderate limitations in concentration, persistence, or pace.

In her final objection, Plaintiff argues that the ALJ's RFC limitation to "no fast pace" fails to account for moderate limitations in concentration, persistence, or pace. Pl.'s Objections [DE-21] at 4.

It is true that some district courts have found that a limitation to "no fast production," or a similar limitation, fails to account for the claimant's moderate difficulties in concentration, persistence, or pace. *See Hyatt v. Colvin*, No. 1:15-cv-750, 2016 WL 4532130, at *4 n.4 (M.D.N.C. Aug. 29, 2016) (citing cases). Nonetheless, many district courts within the Fourth Circuit have concluded that similar limitations adequately address moderate difficulties in concentration, persistence, or pace. *See* M&R [DE-20] at 6 (citing *Reiser v. Colvin*, No. 5:14-cv-850-FL, 2016 WL 1183092, at *8 (E.D.N.C. Mar. 28, 2016); *Weeks v. Colvin*, 5:14-cv-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015); *Linares v. Colvin*, No. 5:14-cv-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015)); *see also Hillard v. Colvin*, No. ADC-15-1442, 2016 WL 3042954, at *6 (D. Md. May 26, 2016) (finding that an RFC with a limitation to "nonproduction work without frequent interaction with coworkers or the public" addressed the claimant's ability to stay on task); *White v. Colvin*, No. 1:14-CV-161-RLV, 2016 WL 1600313,

---

[3] GED Reasoning Code 2 requires an employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, 1991 WL 688702.

7

at *6 (W.D.N.C. Apr. 21, 2016) (finding that a limitation to "simple, routine, repetitive tasks in a stable work environment at a nonproduction pace" satisfied *Mascio*); *Taylor v. Colvin*, No. 3:14-cv-510-GCM, 2016 WL 1032345, at *7 (W.D.N.C. Mar. 15, 2016) (finding that restricting Plaintiff to an environment that does not entail an "assembly line pace" and a "low production setting" accounts for limitations on concentration, persistence, or pace); *Lee v. Colvin*, No. 5:15-CV-142-D, 2016 WL 816784 at *1–2 (E.D.N.C. Feb. 29, 2016) (finding that an RFC including a limitation against "fast paced or quota based work" comports with *Mascio*); *Dixon v. Colvin*, No. 4:14-CV-228-FL, 2016 WL 520293, at *7 (E.D.N.C. Jan. 21, 2016), *adopted by* 2016 WL 538460 (E.D.N.C. Feb. 9, 2016), (listing cases and finding *Mascio* to be distinguishable where the ALJ included additional limitations addressing pace, social interaction, and work environment); *Shirey v. Comm'r*, No. SAG-15-261, 2015 WL 7012718, at *4 (D. Md. Nov. 10, 2015) (finding that the "limitation to an environment free of fast-paced production requirements assures that [the claimant] is not required to produce any particular volume of work-product at a particular rate" and also accounted for any time that the claimant would be off-task due to her limited ability to maintain focus); *Ford v. Colvin*, No. 4:14-CV-79-D, 2015 WL 5008962, at *3 (E.D.N.C. Aug. 19, 2015) (finding that RFC limitations to a "low production occupation" accounted for the claimant's pace, "no constant change" accounted for persistence, and "no loud noises" accounted for concentration). This court chooses to adopt the latter view, the view recommended by the Magistrate Judge.

In sum, the ALJ's RFC limitations adequately address Plaintiff's difficulties in the domain of concentration, persistence, or pace. In addition, as the Magistrate Judge pointed out, the ALJ specifically found that Plaintiff had demonstrated a decreased ability in attention and

8

Case 4:15-cv-00154-F Document 25 Filed 01/30/17 Page 8 of 9

concentration and found that the limitations in the RFC sufficiently addressed this moderate limitation. M&R [DE-20] at 6 (citing Tr. 39, 40)). The Magistrate Judge found this case distinguishable from *Mascio* because these additional RFC limitations were not present in *Mascio* and because Plaintiff "has not demonstrated how these additional restrictions are inadequate." *Id.* at 7. This court finds the Magistrate Judge's logic persuasive because *Mascio* requires consideration of the adequacy of the RFC, both in light of the evidence and the ALJ's reasoning and explanation. Consistent with *Mascio*, the Magistrate Judge considered the adequacy of the RFC in light of the evidence and the ALJ's reasoning and explanation before finding that Plaintiff failed to demonstrate the insufficiency of the additional restrictions.

## II. CONCLUSION

In light of the foregoing, and upon *de novo* review of the portions of the Magistrate Judge's M&R to which specific objections were filed, the court ADOPTS the findings and recommendations of the Magistrate Judge, Plaintiff's Motion for Judgment on the Pleadings [DE-15] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-17] is ALLOWED, and the Commissioner's final decision is AFFIRMED.

The Clerk of Court is DIRECTED to close the case.

SO ORDERED.

This, the _3 0_ day of January, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge